FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2022

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Matthew Michael Borowski, Plaintiff

Jury Trial requested:
X yes ___ No

v.

Megan Ring et al,

Brian Mason et al,

Richard Reigenborn et al,

Adams County Colorado, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Matthew Michael Borowski #2022000067262  150 N. 19th Ave Brighton, Colo 80601
(Name, prisoner identification number, and complete mailing address)

U/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

- [X] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other: (*Please explain*) _____

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Megan Ring - elected Public defender Adams County
(Name, job title, and complete mailing address)
1300 Broadway #400 Denver, CO 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? [X] Yes ___ No (*check one*). Briefly explain:

At all times relevant defendant Ring was acting as head Public defender, policy maker, and superior for all others in the Adams County Public defenders office.

Defendant 1 is being sued in his/her [X] individual and/or [X] official capacity.

Defendant 2: Brian Mason Elected district attorney Adams County
(Name, job title, and complete mailing address)
1000 Judicial Center Dr. Brighton, CO. 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes ___ No (check one). Briefly explain:

At all times relevant, defendant Mason was acting as head, District attorney, policy maker, and superior to all others in the Adams County district Attorneys office.

Defendant 2 is being sued in his/her X individual and/or X official capacity.

Defendant 3: Richard Reigenborn, Sheriff of Adams County
(Name, job title, and complete mailing address)
4430 S. Adams County Pkwy, Brighton, Colo 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (check one). Briefly explain:

At all times relevant, defendant was acting as Adams County Sheriff, policy maker and superior to all others employed by the Adams County Sheriffs department and ACDF.

Defendant 3 is being sued in his/her X individual and/or X official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

X   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

X   Other: (*please identify*) 42 U.S.C. 1985(3)

3

B. Defendants

Defendant 4: Defendant Adams county is a political subdivision of the state of colorado and is the public entity responsible for Adams county and the A.C.D.F. The ACDF is operated by the Adams county Sherrifs department ("ACSD") and is collectively reffered to as defendant Richard Reigenborn, the Sherrif of Adams county colorado.

Defendant 5: Defendant Lindy Frolich at all relevant times is the Director of the office of the alternate Defense Council ("OADC") and is under statutory contract with the Office of the Puplic Defender ("OPD") The OADC is appointed criminal cases in which the OPD determines these to be a conflict of interest with the OPD. At all relevant times Lindy Frolich was acting as the Superior Authority of all alternate defense councels. ("ADC") In a official copacity and under the color of state law. At all times relevant Lindy Frolich was a resident of the state of colorado. 1300 Broadway #330 Denver, CO. 80203

3(A)

## B. DEFENDANTS

**Defendant 6:** Defendants Judges of the 17th Judicial district are political entities of the state of Colo. operating in Adams and Broomfield counties in the state of Colo. under a constitutional Authority, labled as the Judicial Branch of government. Their duties include answering questions of law and fact consistant with Federal, State and local laws, and opinions of the state and Federal Appelate Courts; And the United States Supreme Court. At all relevant times, the Judges of the 17th Judicial District were acting under the color of state law, were residents of the state of colo. and Are being sued for injunctive relief only at this time. 1100 Judicial dr. Brighton, CO. 80601

**Defendant 7:** Jennifer Chu deputy state public defender appointed to represent me in criminal matters.

3(B)

## B. DEFENDANTS

Defendant 7 (continued): Jenifer Chu

Sued for undermining our attorney-client relationship by contributing to the violation of my constitutional rights to attorney-client confidentiality and divulging my guilt to the unlawful waiting ears of law enforcement. At the time the claims in this complaint arose this defendant was acting under color of State and Federal law. At all times relevant Defendant Chu was acting as deputy state public defender.

4710 E. Bromley Ln.
Brighton, Co. 80601

3(C)

**D.   STATEMENT OF CLAIM(S)**

State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."

Fifth, Sixth, and Fourteenth Amendment claims for relief

CLAIM ONE: 1985 (3) Conspiracy to prevent exercise of rights.

Supporting facts:

1. At all times relevant in this action defendant Megan Ring, Brian Mason, Richard Reigenborn, collectively as Adams County, Colorado adopted, approved, agreed or otherwise conspired to prevent the plantiff from exercising his constitutional right to remain silent, and his attorney-client privilege under fifth, sixth Amendment to the united states constitution that resulted in a violation of due process.

2. Plaintiff contends that jail law enforcement were being permitted to monitor the communications between attorney and their clients in exchange for attorney's not having to personally visit the jail and be exposed to the covid-19.

3. Jail officials, and now various attorneys are now coming forward to reveal a 2½ year violations of rights, privileges and immunities that stem from an unlawful tacit conspiracy between the OPD,

*Attached pages*

<u>Facts continued</u>

of the public defender, the office of the district attorney, Adams County, collectively as Sherrif Richard Reigenborn; and the OADC

4. Included in this tacit conspiracy, and approved by all defendants, was the use or threat force, intimidation and deception, to prevent plaintiff from invoking his right to remain silent and his right to attorney client confidentiality.

5. When plaintiff tried to inform his court appointed counsel of law enforcement monitoring the attorney client communications law enforcement used restraints and deceptive tactics to prevent plaintiff from exercising his clearly established rights.

6. Plaintiff was told the jail was closed to personal visits between attorneys and clients which jail officials have now come forward to say was untrue.

7. Plaintif was told he would have to sign a Refusal for court that would make the judge angry.

4 (A)

## facts continued

8. Plaintiff was told that the refusal would trigger a tolling of the speedy trial clock.

9. Plaintiff was told that he would have to remain in jail until the covid- was over.

10. Plaintiff contends that he was threatened, forced, intimidated, and decieved into giving up his rights to remain silent and his attorney client confidentiality to avoid physical harm and protect his speedy trial rights.

11. Plaintiff contends that the criminal process against him became fundamentally unfair, because the prosecution was permitted to build its entire adversial stragety and tactical advantages from unconstitutionaly obtaining attorney-client communications that tainted his fourteenth Amendment Due process rights.

12. Plaintiff contends that the information that law Enforcement was permitted to monitor as a proximate result of his own attourneys involvement in a tacit conspiracy, to Avoid exposure

4(B)

## Facts continued

to the "Novel coronavirus" resulted in a structural defect in the criminal process and deprived plaintiff of his constitutional rights to effective assistance of counsil as garanteed by Sixth Amendment to the United States Constitution.

13. At all times relevent, defendants were acting in their official capacities under the color of law, and were deliberately indifferent to plaintiff's procedural due process gaurantees (14th Amendment, U.S. Const.)

14. At all times relevant, the defendants acts were intentionaly, malicious, and executed with a willful want and disregard for human rights or safety.

15. At all times relevent the defendants maliciously, and intentionally violated the federal communications Act and the federal criminal code pursiant to title 18 U.S.C. S. 241, 242 and 245 in the order to carry out their unlawfull tacit conspiracy.

4(c)

## Facts Continued

16. At all times relevant defendants were engaged in governmental misconduct that they knew or reasonably should have known would violate the constitutional rights of the plaintiff name herein.

17. At all times relevant the defendants named herein were engaged in conduct that was intentional, malicious, capricious and arbitrary to the rights of the plaintiff and traded the constitution rights of the criminally accused for their own self-serving interests in not being exposed to the Covid-19

18. At all times relevant the Judges of the 17th Judicial district have been completely and unlawfully inconsistant at the State District Court level.

19. Some of the 17th Judicial district Judges have entertained "Bergerud" issues dealing with conflict counsel stemming from the attorney-client breech by law enforcement.

20. In Adams County in case no. 3010 People v. Reagan Jerreia, one of the Judges from the 17th Judicial District found that conflict existed between the Public defender and the client because of the fact that the clients attorney-client communications were being monitored by law enforcement.

Form 4242 (08/00)

4(D)

## Facts Continued

21. The same Judges met with two claims from two different criminal defendants refused to grant new council, stating that the courts were getting too many of the same motions from different criminal defendants.

22. In another case People v. Graham, Adams County case 21CR776, the same issue was presented to the Judge by attorney Joe Saint Veltri and an attorney from the OADC who are now coming forward as witnesses to the unlawful attorney-client breech by law enforcement, and have determined that their clients constitutional rights were violated 28 times during just the pre trial stages of his criminal case. The Judge in that case granted appointment of new counsel, and gave new counsel 10 weeks in which to prepare a motion to dismiss all charges against Mr. Graham as a result of the attorney-client communications breech by law enforcement.

2. "The courts getting too many of the same motions from different criminal defendants" is not a legal basis to deny a lawful claim of conflict counsel, especially when the same court has already found a conflict in an identical situation.

23. There are now a barrage of attorneys and law enforcement officials coming forward to confirm the unconstitutional breech to the attorney-client privilege that has created an immeasurable fundimental unfairness in the criminal process against the accused.

Form 4242 (08/00)

4(E)

Facts Continued

24. The Judges of the 17th Judicial District are not applying the law equally to everyone who has been harmed by the governmental misconduct in this case. They are picking and choosing which criminal defendants to grant remedies from all who have presented the EXACT SAME CLAIMS (emphasis added)

25. There is no explanation, pleading or cloak of immunity where by the actors in this case can justify their new version of interrogation that not only infringes upon the right to remain silent and the right to confidentiality between client and attorney, but uses threat, force, intimidation and deception to reach their unconstitutional goals. Moreover, the unlawful monitoring of the attorney-client communication was in part, by permission from the office of the Public Defender, the OADC, the office of District Attorney, and collectively Adams County, by and through Richard Reigenborn, the Sheriff of Adams County Colo.

26. At all times Relevant the defendants Named herein entered into a self serving tacit conspiracy that was specifically designed to intentionally, maliciously, and willfully violate the constitutional right of the Plaintiff named herein, in order to prevent government officials from being exposed to the ("novel corona virus").

Form 4242 (08/00)

4(F)

## Facts continued

27. During discussions of my case that I was made to do in front of law enforcement, my attorney Jennifer Chu confirmed my guilt to law enforcement concerning a criminal impersonation in which Ms Chu made known to law enforcement she knew was monitoring our attorney-client communication that I had used my brothers name resulting in the criminal impersonation charge.

Ms Chu undermined the attorney-client relationship by contributing to the violation of my constitutional rights to attorney client confidentiality, and divulging my guilt to the unlawful waiting ears of law enforcement

E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):   N/A

Docket number and court:   N/A

Claims raised:   N/A

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)   N/A

Reasons for dismissal, if dismissed:   N/A

Result on appeal, if appealed:   N/A


F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

  _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

  _X_ Yes ___ No (*check one*)

5

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1. Plaintiff seeks compensatory damages, including pain and suffering.
2. Punitive damages as authorized by law
3. Reasonable attorney fee's and cost associated with this action
4. Any such other and further relief allowed by law.

Plaintiff request a jury trial on all issues so triable.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

8·4·2022
_____
(Date)

(Form Revised December 2017)

